

FILED
JAMES BONINI
CLERK

IN THE FEDERAL COURT FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

09 JUN 30 PM 12:33

| | | |
|---|---|---|
| VINCENT SABINO,<br>3259 SCIOTO FARMS DRIVE<br>HILLIARD, OHIO 43026, | : | CASE NO: 09 cv 544 |
| | : | JUDGE: |
| PLAINTIFF, | : | **JUDGE HOLSCHUH** |
| VS. | : | JURY DEMAND ENDORSED HEREON |
| THE OHIO STATE UNIVERSITY,<br>E. GORDON GEE, IN HIS OFFICIAL<br>CAPACITY AS PRESIDENT OF OHIO STATE<br>UNIVERSITY<br>205 BRICKER HALL<br>190 NORTH OVAL MALL<br>COLUMBUS, OHIO 43210-1357, | :<br>:<br>:<br>:<br>:<br>: | **MAGISTRATE JUDGE KEMP** |
| AGENT FOR SERVICE OF PROCESS:<br>   RICHARD CORDRAY<br>   OHIO ATTORNEY GENERAL<br>   30 E. BROAD STREET, 17TH FLOOR<br>   COLUMBUS, OHIO 43215, | | |
| DEFENDANT. | | |

## COMPLAINT

Plaintiff Vincent Sabino ("Plaintiff"), by and through his undersigned Counsel, sets forth the following as his Complaint:

### INTRODUCTION

1.  This is an action to enforce the rights of individuals who are deaf or hard of hearing and to ensure equal access to The Ohio State University ("Defendant") football and basketball games and other programs, services, and activities taking place at Defendant's venues. Defendant has not provided auxiliary aids and services such as captioning to ensure that individuals who are deaf or hard of hearing have the same opportunities as hearing patrons to enjoy football and basketball games and other programs, services, and activities at Defendant's

various venues, as required under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12131 *et seq.* and section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

## PARTIES

2. Plaintiff, an individual who is deaf, regularly attends events at Defendant's venues, including but not limited to, the Schottenstein Center, the Ohio Stadium, and St. John's Arena.

3. Defendant The Ohio State University is a public entity and a recipient of federal financial assistance.

4. Defendant Roderick J. McDavis is the president of The Ohio State University. He is being sued in his official capacity.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## FACTS

6. Defendant The Ohio State University is a public entity and receives federal financial assistance.

7. Plaintiff is substantially limited in the major life activities of hearing and speaking.

8. The Ohio State University Buckeyes have venues at the Ohio Stadium, the Schottenstein Center and St. John's Arena. All of the aforementioned venues are located on Defendant's main campus in Columbus, Ohio.

9. Plaintiff regularly attends The Ohio State University events including, but not limited to, football and basketball games.

10. Defendant's venues have public address systems and other systems in the stadium bowls and concourse areas that project aural information (i.e., referee calls, play-by-play commentary, song lyrics, and safety and emergency information).

11. Plaintiff cannot hear these announcements.

12. Defendant's venues have a Sony Jumbotron type system ("Jumbotron").

13. In conjunction with the public address system, Defendant has video/television monitors located in concession areas and other areas of the stadium.

14. Individuals who are deaf or hard of hearing can and do regularly have access to information that is provided orally through the provision and use of "captioning." Through captioning, spoken and other auditory/aural information is made accessible to individuals who are deaf or hard of hearing.

15. Captioning can be displayed on Jumbotrons and video monitors located throughout the venues.

16. Defendant does not display on the Jumbotron and video monitors captioning for referee calls, play-by-play commentary, song lyrics, and safety and emergency information, or any other aural information projected into the stadium bowls or concourse areas before, during, or after games.

17. Since Plaintiff is unable to hear any of the aural information projected into the stadium bowl and concourse areas, Plaintiff does not have equal opportunity to enjoy, benefit from, or participate in home games or athletic events, equal to that of individuals without disabilities.

## COUNT I
## (AMERICANS WITH DISABILITIES ACT)

18. Plaintiff hereby incorporates paragraphs 1 through 17.

19.     Plaintiff is substantially limited in the major life activities of hearing and speaking and is, therefore, a qualified individual with a disability pursuant to 42 U.S.C. § 12131(2).

20.     The Ohio State University is a public entity.

21.     Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

22.     Defendant has failed to provide auxiliary aids and services to ensure effective communication with individuals who are deaf or hard of hearing, such as Plaintiff, with respect to aural information projected into the stadium bowls and concourse areas before, during, and after home games.

## COUNT II
## (REHABILITATION ACT)

23.     Plaintiff hereby incorporates paragraphs 1 through 22.

24.     Plaintiff is substantially limited in the major life activities of hearing and speaking and is, therefore, a qualified individual with a disability.

25.     Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides that no qualified individual with a disability, solely by reason of his or her disability, may "be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

26.     Defendant receives federal financial assistance.

27.     Defendant has failed to provide auxiliary aids and services to ensure effective communication with individuals who are deaf or hard of hearing, such as Plaintiff, with respect

to aural information projected into the stadium bowls and concourse areas before, during, and after home games.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a. Issue a declaratory judgment declaring that Defendants' actions, omissions, policies, and practices violate rights guaranteed to Plaintiff under the ADA and section 504 of the Rehabilitation Act;

b. Issue a permanent injunction ordering the Defendants to:

   i) immediately cease discrimination and provide individuals who are deaf or hard of hearing with equal access to the benefits of the facilities, programs, services, and activities of the Defendant;

   ii) provide and display captioning on or in the same lines of sight as the Jumbotrons and video monitors at Defendant's venues for all announcements made over the public address systems, including all of the plays that just occurred, all of the penalties called, safety and emergency information, and any other announcements made over the public address systems or any other systems projecting aural information;

   iii) promulgate written policies and procedures to ensure that Defendant provides and displays captioning on or in the same lines of sight as the Jumbotrons and video monitors;

c. Retain jurisdiction over this action until implementation of this Court's decree has been completed;

d. Award Plaintiff compensatory damages;

    e.    Award Plaintiff attorneys fees and costs of this proceeding, pursuant to 42 U.S.C. § 1988, and 42 U.S.C. § 12205; and

    f.    Issue any and all other and further relief as this Court may deem just and proper.

Respectfully Submitted,

*/s/ Laren E. Knoll*

Laren E. Knoll, Esq. (0070594)
THE LAW FIRM OF WILLIS & WILLIS CO., LPA
4653 Trueman Blvd., Suite 100
Hilliard, OH 43026
Telephone: (614) 586-7900
Facsimile: (614) 586-7901
E-mail: lknoll@willislaw.biz
*Trial Counsel for Vincent Sabino*

Of Counsel:
Michael S. Stein, Esq. (*pro hac vice* pending)
Marc P. Charmatz, Esq. (*pro hac vice* pending)
National Association of the Deaf
Law and Advocacy Center
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
Telephone: (301) 587-7732
Facsimile: (301) 587-1791
Email: michael.stein@nad.org
Email: marc.charmatz@nad.org
*Counsel for Vincent Sabino*

## JURY DEMAND

Plaintiff Vincent Sabino, by and through his undersigned Counsel, respectfully requests a trial by jury on all issues herein.

*/s/ Laren E. Knoll*

Laren E. Knoll, Esq. (0070594)
THE LAW FIRM OF WILLIS & WILLIS CO., LPA