UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION, COLUMBUS

| | |
|---|---|
| VINCENT SABINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:09-cv-544 |
| v. ) | Judge Holschuh |
| ) | Magistrate Judge Preston Deavers |
| THE OHIO STATE UNIVERSITY, *et ano.*, ) | |
| ) | |
| Defendants. ) | |

## CONSENT DECREE

The parties to this Consent Decree are Vincent Sabino and The Ohio State University, on behalf of its Athletic Department. The claims against E. Gordon Gee, President of The Ohio State University, were voluntarily dismissed with prejudice contemporaneous with the execution of this Consent Decree. In this Consent Decree, Vincent Sabino may be referred to as "Plaintiff" and The Ohio State University may be referred to as "Defendant."

Defendant The Ohio State University is one of the nation's top public universities. Located in Columbus, Ohio, The Ohio State University has one of the largest and most diverse collegiate sports programs in the country. Plaintiff claimed that Defendant discriminated against individuals who identified themselves as deaf or hard of hearing through a lack of auxiliary aids and services at Ohio Stadium and Value City Arena at the Jerome Schottenstein Center, which limited Plaintiff's enjoyment of and access to programs at the properties in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et seq. and its implementing regulations, 28 C.F.R. Part 35 (hereinafter collectively the "**ADA**"), and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq. (hereinafter the "**Rehabilitation Act**"), all as more fully set forth in the Complaint and pleadings filed by Plaintiff in the United States

District Court for the Southern District of Ohio, Case No. 2:09-cv-544 (hereinafter referred to as "the Litigation"). Defendant The Ohio State University responded to Plaintiff's allegations and denied them, as more fully set forth in the Motions to Dismiss filed by Defendant in Case No. 2:09-cv-544.

The Parties acknowledge the costs and uncertainty of protracted litigation, as well as disputes of facts and law regarding Plaintiff's claims and Defendant's defenses, and mutually believe that settlement is the preferred method of resolving the case. The Parties also believe that the public interest will be served by entering into this Consent Decree.

In order to avoid unnecessary and costly litigation, and not as an admission of liability by Defendant, expressed or implied, the Parties have agreed to resolve the Litigation and all issues raised or which could have been raised in the Litigation. There is no admission or concession by Defendant, express or implied, that it has in any way violated the ADA or the Rehabilitation Act, or any other federal, state or local law, regulation, order or rule. Defendant denies and continues to deny that it has violated any such laws, including with regard to modifications agreed to in paragraph 5(a)-(k) below. Defendant denies and continues to deny any and all liability to Plaintiff.

Therefore, in consideration of the mutual promises contained herein, the parties agree as follows:

## DEFINITIONS:

1. The term "Defendant" or "The Ohio State University" means The Ohio State University's Athletic Department and its facilities of Ohio Stadium, Value City Arena at The Jerome Schottenstein Center, and St. John Arena.

**ACTIONS:**

2. Defendant will do the following for the next three (3) years, unless technically infeasible:

    a. With respect to Ohio Stadium and pursuant to its current practices (and consistent with Plaintiff's observations at a 2009 home football game), Defendant agrees that (i) it will caption on the north and south scoreboards all public address announcements, emergency information, music and other auditory information broadcasted into Ohio Stadium before, during, and after home football games for the next three (3) years (2010, 2011 & 2012), without a written request for an accommodation or a completed and timely submitted Disability Needs Form, pursuant to paragraph 3 below; (ii) it will activate the captioning of television broadcasts in the concourse of Ohio Stadium on at least one-half of the television monitors in the concourse of Ohio Stadium during home football games for the next three (3) years (2010, 2011 & 2012), without a written request for an accommodation or a completed and timely submitted Disability Needs Form, pursuant to paragraph 3 below; and (iii) it will continue to handle accessible seating requests pursuant to its policies and paragraph 3 below.

    b. With respect to Value City Arena at The Jerome Schottenstein Center, Defendant agrees that (i) it will activate the captioning of television broadcasts on at least one-half of the television monitors in the concourse of Value City Arena at The Jerome Schottenstein Center during all home men's and women's basketball games for the next three (3) years (2010, 2011 & 2012), without a written request

- 3 -

      for an accommodation or a completed and timely submitted Disability Needs Form, pursuant to paragraph 3 below; and (ii) it will handle requests for auxiliary aids and services, including requests for interpreting services, captioning and speech to text services (similar to the speech to text service experienced by Plaintiff at a men's basketball game in Value City Arena in December of 2009), pursuant to its policies as well as paragraph 3 below.

  c. With respect to St. John Arena and other athletic facilities, no actions will be taken pursuant to this Consent Decree. However, Defendant will respond to requests for accommodations, including auxiliary aids and services, pursuant to its policies and the physical, electronic and technological limitations of such facilities, and where a Disabilities Needs Form has been completed and timely submitted pursuant to paragraph 3 below.

3. Defendant agrees that by no later than September 15, 2010, it will ensure that the following information can be found on the home page of the website for its Athletic Department, http://www.ohiostatebuckeyes.com and on the Value City Arena at The Jerome Schottenstein Center website, http://www.schottensteincenter.com: (i) a link to the website of Defendant's ADA Coordinator; (ii) a guide for guests with disabilities attending a program or event at Defendant's athletic facilities (i.e. Ohio Stadium, Value City Arena at The Jerome Schottenstein Center and St. John Arena), which will include information regarding accessible parking, and Defendant's policies regarding accessible seating and accessible seating requests as well as requests for assisted listening devices; (iii) a Disability Needs Form (a copy of which

is attached to this Consent Decree), which can be completed on-line, in person or over the telephone, for disabled patrons and visitors requesting a disability accommodation or auxiliary aids/services in connection with a program or event at Defendant's athletic facilities; and (iv) an outline of the complaint procedure for guests and patrons with disabilities. The parties agree that Defendant's policies and Disability Needs Form may be modified, but will include the provision that regardless of when a Disability Needs Form is submitted, The Ohio State University will make a good faith effort to fulfill requests made via the form, and Ohio State staff will consult with patrons and visitors to determine what aids or services are necessary to provide effective communications in particular situations.

## ADDITIONAL TERMS:

4. The parties agree that any delays in taking any of the actions provided for pursuant to this Consent Decree caused by third parties and acts of God, force majeure, or events beyond the control of Defendant, including, but not limited to, unforeseen circumstances, including acts of war or the inability to acquire materials, will not be deemed to violate the compliance dates set forth herein, as long as Defendant makes a good faith effort to effect implementation as soon as reasonably possibly thereafter.

5. Defendant will pay to Plaintiff and Plaintiff's counsel, Laren Knoll, Willis & Willis, Co., LPA, Michael S. Stein, Stein & Vargas, LLP, and Marc P. Charmatz of the National Association of the Deaf, in complete satisfaction of any and all claims for damages and relief by Plaintiff in this case, including Plaintiff's claims for compensatory damages, attorneys' fees, litigation costs and expenses, expert fees and

costs, and any and all other associated fees, costs and expenses, the sum of Twenty Four Thousand ($24,000.00). Defendant will make this payment by a check made payable to the Willis & Willis Co., LPA within seven (7) days of the effective date of this Consent Decree.

6. The parties acknowledge and agree that this Consent Decree must be approved by the Attorney General for the State of Ohio before it can be submitted to the Court for a Final Order approving and entering the Consent Decree. Defendant will use its best efforts with regard to obtaining the approval of the Attorney General for the State of Ohio.

7. The "effective date" of this Consent Decree is the first day after the Court enters the Final Order approving and entering this Consent Decree and dismissing the case against The Ohio State University.

8. The Court shall retain jurisdiction over this Consent Decree for the purposes of enforcing it, resolving any dispute that may arise under this Consent Decree, and entering such further orders as may be appropriate.

9. This Consent Decree shall terminate three (3) years from the date of its entry.

10. Nothing in this Consent Decree shall preclude, hinder or restrict Defendant from modifying, relocating, renovating or removing its facilities, buildings, parking garages, parking spaces and/or lots, as well as constructing new facilities, buildings, parking garages, parking spaces and/or lots.

## RELEASE OF ALL CLAIMS:

11. The Parties hereby agrees that in consideration of their agreement to the terms set

forth in this Consent Decree, the Parties hereby release each other, their affiliated entities, successors and assigns, including all of their officers, agents, directors, employees, board members, and representatives in their indirect or official capacity (hereinafter, the "Releasees"), without limitation, from any and all legal claims arising from or related to the facts and circumstances described in the Complaint and pleadings in Case No. 2:09-cv-544 or which could have been raised in the Litigation through the effective date of the Consent Decree. This includes, but is not limited to, all claims for monetary and equitable relief that the Parties may have or could have had under federal, state or local law against any and all Releasees. The Parties have been advised that, before signing this release, they have the right to consult an attorney regarding its contents, they have done so, and their attorneys have participated in the drafting of this Consent Decree. The Parties have read this release and understands its contents, and chooses to sign it of their own free will and not under duress.

12. Plaintiff shall not hereafter assert or claim that Defendant is required to make additional or different modifications to the facilities, programs, services and activities that are delineated in this Consent Decree, or that Defendant is required to follow different standards for future construction other than that which is set forth herein, nor attempt to enforce standards regarding participation in or equal enjoyment to Ohio State University's programs, facilities, and activities which conflict with that which is agreed herein.

13. This Consent Decree may be modified by agreement of the Parties and approval of

-7-

the Court. If at any time Defendant desires to modify any portion of this Consent Decree because of (i) changed conditions making performance impossible or impractical, (ii) a modification, removal, relocation, addition or redesign of Defendant's athletic facilities and arenas/stadium, or (iii) for any other reason, it will promptly notify Plaintiff's counsel or Plaintiff's designee in writing, setting forth the facts and circumstances thought to justify modification and the substance of the proposed modification. The Parties shall use their best efforts to reach an agreed modification of the Consent Decree and submit to the Court a stipulation for modification of Consent Decree. If the parties are unable to agree, Defendant may file a motion for modification, giving notice to Plaintiff's counsel pursuant to the Federal Rules of Civil Procedure.

14. The parties shall attempt to resolve informally any dispute that may occur under this Consent Decree. If the parties are unable to reach a resolution of a dispute within sixty (60) days after written notice raising the issue with the parties' legal counsel, dispute may be submitted to the Court for resolution.

15. This Consent Decree constitutes the entire understanding and agreement of the parties and supersedes all prior or contemporaneous negotiations, settlement agreements or Consent Decrees (written or oral), and cannot be modified, amended or revoked except by the express written consent of all parties and as provided for in the above paragraphs.

16. If any provision of this Consent Decree or any part of any provision of this Consent Decree, except the release provisions of paragraph 11 above, is found to be invalid by

a court of competent jurisdiction, such finding shall not affect the validity of any other provision/s or part/s of this Consent Decree. If the release provisions contained in paragraph 11 of this Consent Decree are found to be invalid for any reason, then the Consent Decree shall not be valid or enforceable.

17. In computing any period of time proscribed or allowed herein, such computation shall be made consistent with the Federal Rules of Civil Procedure, unless otherwise expressly stated.

18. The parties have read and understood the preceding terms of the Consent Decree, have had the opportunity to discuss same with legal counsel, and have voluntarily agreed to sign the Consent Decree and to be bound by its terms.

19. Each person executing this Consent Decree on each party's behalf represents that they are duly authorized to sign on behalf of the respective party and to bind each to the terms of the Consent Decree.

20. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page.

IN WITNESS WHEREOF, the parties hereto execute this Consent Decree, which is effective upon the date that it is accepted and filed by the Court.

SIGNATURES: _John D. Holschuh_ Date: 10-14-10
Judge John D. Holschuh

**Parties:**

**PLAINTIFF:**
By: _____ Date: 8/12/10

**DEFENDANT:**

By: _[signature]_   Date: 9-2-10

Its _[signature]_   DATE: 10·7.10

**Christopher Culley**
Senior Vice President and General Counsel

**RICHARD CORDRAY**
**OHIO ATTORNEY GENERAL:**

_____   Date: 9/24/2010

By: _[signature]_

Title: _Chief Education_

Office of Ohio Attorney General Richard Cordray


**AGREED AS TO PARAGRAPH 5 OF THIS ORDER:**

**PLAINTIFF'S COUNSEL:**

By: _[signature]_   Date: 8/12/10

By: _Marc Charmatz by Elwell_   Date: 8/12/10
_____per authority_

By: _Michael S. Stein by Elwell_   Date: 8/12/10
_____per authority_

4823-6869-5815, v. 2

-10-

## THE OHIO STATE UNIVERSITY – ATHLETIC DEPARTMENT
## DISABILITIES NEEDS FORM

**Directions:** Completion of this form will enable The Ohio State University to provide a reasonable accommodation to eligible patrons attending programs and events at Ohio State's athletic facilities based on both an individual's request and Ohio State's assessment of individual needs. It is imperative that you complete and return this form to The Ohio State University's Athletic Department in order to have your accommodation provided in a timely manner. You can submit this form in person, on-line and/or via telephone (or copy the form and mail, email or fax the completed form to Ohio State).

→ **Complete form and return in-person or via US mail, email or fax to:**
The Ohio State University - Athletic Event Management
Fawcett Center, 7th Floor
2400 Olentangy River Road
Columbus, OH 43210
(614) 688-8412 fax
Penner.2@osu.edu

OR → **Complete form below and submit it to Ohio State directly on-line:**

OR → **Request disability accommodation via telephone by calling:**
The Ohio State University – Athletic Event Management
(614) 292-1848

Patrons who wish to request auxiliary aids and services should contact The Ohio State University's Athletic Department and submit this completed Disability Needs Form **at least two weeks prior to an event**. However, regardless of when a Disability Needs Form is submitted, Ohio State will make a good faith effort to fulfill requests made via this form, and Ohio State staff will consult with you to determine what aids or services are necessary to provide effective communications in particular situations.

Accessible seating is reserved exclusively for Ohio State's patrons with accessibility needs and **ONE** companion, **both of whom have already purchased tickets** in a separate transaction (standard admission). In accordance with the American with Disabilities Act, The Ohio State University is not required to provide accessible seats in the event of a sellout. Disabled guests have no greater right to obtain tickets to a sold out game or event than do non-disabled guests. Completion of this Disabilities Needs Form does not entitle a patron to purchase tickets to an event or game, and is not evidence of a patron's purchase of tickets/request to purchase tickets for a game or event.

**The purchase or use of accessible seats by individuals that do not need accessible seating is strictly prohibited and can result in ejection and/or revoked ticket privileges without refund.**

By submitting this Disabilities Needs Form to The Ohio State University Athletic Department you are verifying that you intend to abide by the policies and guidelines of The Ohio State University's Athletic Department, that the information regarding your disability and all other information provided for the completion of this form is true and accurate, and that you agree that Ohio State has the right to eject you from the game, program or event and/or revoke your ticket privileges without refund if it becomes apparent that tickets are not being used by the person(s) for whom they are intended under the American with Disabilities Act and Ohio State's policies.

❑ Game or Event Attending (Date, Time, Location): _____

❑ Print Name of Ticket Holder/Person with Disability: _____

_____
Address                    Phone                    E-mail address (for confirmation)

_____
Name (signature, if submitted in person or via mail or fax)

Please provide me with an electronic confirmation of the submission of this form and my agreement to the terms and conditions of making a request for a disability accommodation.
     ____Yes          _____No

❑ Current Ticket Location: _____

Is a disability based accommodation requested?   ____ No   ____ Yes [*If yes, specify below*]

____ Accessible (wheelchair) seating            ____ Companion seating

____ Assistive listening device                 ____ Visually-impaired seating

____ Alternative communication aid or service

_____ Other [*specify below*] **Note:** Captioning is provided at home football games on the main scoreboards and concourse televisions. Captioning is provided at home basketball games on the concourse televisions.

❑ Description of needs (please be as detailed as possible):

_____
_____
_____
_____
                                              [add "SUBMIT" button here]
-------- FOR OFFICE USE ONLY -----------------------------------------------

Accommodation request able to be granted?
_____ Yes
_____ No – reason: _____

_____ Alternatives offered:
        _____ Accepted? ____ yes ____ no
        _____ Accepted? ____ yes ____ no
        _____ Accepted? ____ yes ____ no